# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:13-cv-218-RJC

| | |
|---|---|
| AZIZ MATEEN-EL, a/k/a, CURTIS HOWIE, ) ) ) Petitioner, ) ) v. ) ) STATE ASSISTANT ) DISTRICT ATTORNEY, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on a review of Plaintiff's pleading which he contends is one seeking habeas corpus relief. For the reasons that follow, Plaintiff's petition will be dismissed.

**I.    BACKGROUND**

According to the website of the Mecklenburg County Sheriff's Department, Petitioner is a pretrial detainee housed in the Mecklenburg County Jail awaiting a hearing on one count of sex offender residence violation, as prohibited by N.C. Gen. Stat. § 14-208.16(A), and one count of felony failure to register as a sex offender, in violation of N.C. Gen. Stat. § 14-206.11. According to the website of the North Carolina Administrative Office of the Courts ("AOC"), Petitioner is scheduled to appear on both charges in Mecklenburg County Court, either district or superior, on May 21, 2013.

In the present action, Petitioner contends that he filed a motion to dismiss the pending charges but that he has not received information on any disposition of his motion. (Doc. No. 1 at

2). Petitioner complains that his jailers will not take him to superior court to contest the charges and that he is "being deprived of [his] Nationality as a Moorish National." (Id. at 5). Petitioner also contends that his Fifth Amendment rights as protected by the United States Constitution are being violated because he is being prosecuted a second time for failure to register. Finally, Petitioner asserts that his present detention is illegal and the superior court lacks jurisdiction over him.

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that habeas courts are directed to examine petitions to determine whether it plainly appears that the petitioner is entitled to any form of relief. The Court has considered the petition and finds that the petition must be dismissed as it presents what clearly are unexhausted claims.

## III. DISCUSSION

According to his pleading, Petitioner contends that his efforts to challenge his present confinement have yielded no favorable results. While Petitioner may believe that he was sentenced on the present charges in February 2013, see (Doc. No. 1 at 1), based on the record before this Court it appears that Petitioner is due in court on the State charges on May 21, 2013, and he will then have an opportunity to contest the charges and raise his claim regarding double jeopardy or his claim that he is illegally confined based on his nationality as a Moorish American.

Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). 28 U.S.C. § 2254 provides that "[a]n application for a writ of habeas corpus on

2). Petitioner complains that his jailers will not take him to superior court to contest the charges and that he is "being deprived of [his] Nationality as a Moorish National." (Id. at 5). Petitioner also contends that his Fifth Amendment rights as protected by the United States Constitution are being violated because he is being prosecuted a second time for failure to register. Finally, Petitioner asserts that his present detention is illegal and the superior court lacks jurisdiction over him.

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that habeas courts are directed to examine petitions to determine whether it plainly appears that the petitioner is entitled to any form of relief. The Court has considered the petition and finds that the petition must be dismissed as it presents what clearly are unexhausted claims.

## III. DISCUSSION

According to his pleading, Petitioner contends that his efforts to challenge his present confinement have yielded no favorable results. While Petitioner may believe that he was sentenced on the present charges in February 2013, see (Doc. No. 1 at 1), based on the record before this Court it appears that Petitioner is due in court on the State charges on May 21, 2013, and he will then have an opportunity to contest the charges and raise his claim regarding double jeopardy or his claim that he is illegally confined based on his nationality as a Moorish American.

Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). 28 U.S.C. § 2254 provides that "[a]n application for a writ of habeas corpus on

behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears—(A) the applicant has exhausted his remedies available in the Courts of the States; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B).

The requirement of exhaustion reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). In order "[t]o provide the State with the necessary 'opportunity', the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claims." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of these principles, a federal court may only consider those issues which were fairly presented to and passed upon by the state court. See Picard, 404 U.S. at 275-76.

In the present case, it appears that Petitioner has either abandoned any effort to present his claim to the State courts or he has concluded that the State process is simply moving to slow. The record before the State court, and as detailed on the website of the Mecklenburg County Sheriff's Department, tends to show that Petitioner was committed to the Sheriff's custody on January 13, 2013, and his next court appearance is scheduled for May 21, 2013. To the extent Petitioner seeks to challenge the validity of his present confinement, he may proceed with the state remedy of habeas corpus by filing a petition with the superior court under N.C. Gen. Stat. § 17, or he may appear and present any other colorable challenge or defense to the pending state

charges. In the event Petitioner is unsuccessful before the superior court, he may submit an application to "any one of the justices or judges of the appellate division." N.C. Gen. Stat. § 17-6.

The Court finds that Petitioner's failure to pursue the explicit statutory remedies which are available to him has deprived the State courts of a fair opportunity to pass upon the merits, if any, of his claims. As it appears there is an adequate State corrective process in which Petitioner can participate and raise the present challenges, the Court finds that this habeas action must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice for failure to exhaust State remedies through the available State process. (Doc. No. 1). 28 U.S.C. § 2254(b)(1)(A) & (B);

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right); and

3. The Clerk of Court is respectfully directed to close this case.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge